Dear Respresentative Adair,
¶ 0 This office has received your request for an Attorney General Opinion. You asked, in effect, the following questions:
1. In view of provisions in Title 70 of the Oklahoma Statutesand in the Oklahoma Constitution, is it legal for a schooldistrict to pay a proportionate share of expenses for ribbons,plaques and trophies for students who have exhibits that place inthe county fair?
2. Would such an expenditure be legal if the county fair boardissued a purchase order to each school district for theirproportionate share of such costs?
 I.
¶ 1 Your first question is whether it is lawful under the Oklahoma Constitution and Statutes to expend school district funds for awards given to district students at the county fair. The two constitutional provisions relating to this question are Sections 14 and 15 of Article X of the Oklahoma Constitution. Section 14 provides in pertinent part:
 Taxes shall be levied and collected by general laws, and for public purposes only[.]
¶ 2 Article X, § 15 provides in pertinent part:
 The credit of the State shall not be given . . . to any individual . . . nor shall the State become an owner or stockholder in, nor make donations by gift
. . . to any company, association, or corporation. . . .
Okla. Const. art. X, § 15 (emphasis added).
¶ 3 The answer to your question regarding constitutional issues is addressed in Attorney General Opinion No. 87-38. The Opinion clearly states that it is unlawful to use funds generated by taxes pursuant to Article X, §§ 14 and 15 of the Oklahoma Constitution for funding of awards for individuals unless the Legislature specifically declares such an expenditure a "public purpose" and appropriates public monies to accomplish the purpose. The Oklahoma School Code, 70 O.S. 1991, § 1-101[70-1-101]
through § 1-121, does not include any statute that allows schools to use tax generated funds for the purchasing of awards for students activities. Therefore tax-generated funds cannot be used for such purpose.
¶ 4 However, the Legislature has provided an avenue for a school district to pay for student activity awards such as those given for participation in county fairs, etc. Title 70 O.S.Supp.1994, § 5-129[70-5-129] provides in part:
 A. The board of education of each school district shall exercise control over all funds on hand or hereafter received or collected, as herein provided, from student or other extracurricular activities conducted in the school district. . . . Disbursements from each of the activity accounts shall be by check countersigned by the school activity fund custodian and shall not be used for any purpose other than that for which the account was originally created. The board of education, at the beginning of each fiscal year and as needed during each fiscal year, shall approve all school activity fund subaccounts, all subaccount fund raising activities and all purposes for which the monies collected in each subaccount can be expended. . . .
 B. The board of education of each school district may designate that any of the following revenue be deposited for the use of specific school activity accounts, or to a general activity fund within the school activity fund:
 1. Admissions to athletic contests, school or class plays, carnivals, parties, dances and promenades;
2. Sale of student activity tickets;
 3. Concession sales, and cafeteria or luncheon collections;
 4. Dues, fees and donations to student clubs or other organizations, provided that membership is such clubs or organizations shall not be mandatory;
 5. Income or revenue resulting from the operation of student organizations or club projects, provided, such revenue is not derived from the sale of property, supplies, products or other assets belonging to the school district. . . .
 6. Deposits for or collections for the purchase of class pictures, rings, pins, announcements, calling cards, annuals, banquets, student insurance and other such personal items[.]
70 O.S.Supp. 1994, § 5-129[70-5-129] (emphasis added).
¶ 5 Under this statute the local board of education ("board") has sole control over student activity funds ("activity funds").[1] The purpose of the activity funds must be approved and regulated by the board. These regulations include: (1) the disbursement of funds must be by check countersigned by activity fund custodian, (2) the money shall not be used for any purpose other than that for which the fund was originally created, and (3) at the beginning of the school (fiscal) year the board shall approve all school activity fund subaccounts, the fund raising activities and the purposes for which the money will be spent.[2] 70 O.S.Supp. 1994, § 5-129[70-5-129](A).
¶ 6 If the board at the beginning of the fiscal year, or as needed during the fiscal year, approves a student activity fund subaccount with one of its purposes being to fund awards for the county fair, such payment is permissible under 70 O.S.Supp.1994, § 5-129[70-5-129].
 II.
¶ 7 Your second question is whether payment by the district for student county fair awards would be legal if the county fair board issued a purchase order to each school district for its proportionate share of such costs. The analysis in question one applies to question two as well. Regardless of whether a purchase order is issued, school funds generated by taxes cannot be used for such a purpose. Like the answer to question one, if the board pursuant to Section 5-129, has approved a subactivity account with one of the purposes being to supply student awards at the county fair, such an expenditure would be legal. If the board has not established funding county fair student awards as a proper purpose of the account, the existence of a purchase order will not make it legal.
¶ 8 Section 5-129(A) of Title 70 gives the board sole control over the activity funds. However, it should be noted that 70O.S.Supp. 1994, § 5-129[70-5-129](D) states that "[t]he State Board of Education shall adopt appropriate rules and regulations and design standard forms for the proper conduct of the various school activity accounts."[3]
 ¶ 9 It is, therefore, the official Opinion of the AttorneyGeneral that:
1. In view of Article X, § 14 and § 15 of the OklahomaConstitution, a school district cannot expend tax generated fundsto pay for ribbons, plaques and trophies awarded to students whohave exhibits that place in the county fair. However, a localboard of education, pursuant to 70 O.S.Supp. 1994, § 5-129[70-5-129],may pay expenses for awards for students who have exhibits thatplace at the county fair, if the local board of education hasestablished a student activity fund subaccount for such purpose.
2. A local board of education, pursuant to 70 O.S.Supp. 1994,§ 5-129[70-5-129], may pay a proportionate share of expenses for awardsfor students who have exhibits that place at the county fair ifthe local board of education has established a student activityfund subaccount for such a purpose. If the local board ofeducation has not established funding county fair student awardsas a proper purpose of the account, the existence of a purchaseorder will not make it legal.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
L. MICHELLE STEPHENS ASSISTANT ATTORNEY GENERAL
[1] Since local school districts are under the "supervision and administration" of the local boards of education, your questions will be answered in light of the powers given to local boards of education. 70 O.S. 1991, § 5-101[70-5-101].
[2] "The school board has and can exercise those powers that are granted in express words; those fairly implied in or necessarily incidental to the powers expressly granted, and those essential to the declared objects and purposes of the corporation." Independent School District No. 8 of Seiling v.Swanson, 553 P.2d 496, 501 (Okla. 1976) citing Board ofEducation of Oklahoma City v. Cloudman, 92 P.2d 837, 841 (Okla. 1939).
[3] While no formal rules have been promulgated regarding implementation of 70 O.S.Supp. 1994, § 5-129[70-5-129], the Oklahoma State Department of Education, Financial Services Division issued a Technical Assistance Document on "Oklahoma School Finance" dated November 1993 which includes guidelines for school activity funds.